**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Louis Hambrick, Jr., | No. CV-18-00461-PHX-JJT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

The Court has reviewed Plaintiff's March 28, 2019 filing (Doc. 39) in which Plaintiff requests examination by an outside physician pursuant to Federal Rule of Civil Procedure 35(a).

Rule 35(a)(1) authorizes the Court to order a party whose mental or physical condition "is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Such an examination is justified if Plaintiff's medical condition is in controversy and good cause exists. *Schlagenhauf v. Holder*, 379 U.S. 104, 119-20 (1964). It is improper to move for a Rule 35 examination for the purpose of obtaining medical treatment. *See Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (upholding denial of inmate's Rule 35 motion where the "primary purpose was to obtain medical care and to complain of deliberate indifference to his serious medical needs"). Further, it has been held that "Rule 35 does not allow for a physical examination of oneself . . . ." *Berg v. Prison Health Services*, 376 F. App'x 723, 724 (9th

Cir. 2010); *see also Smith v. Carroll*, 602 F.Supp.2d 521, 526 (D. Del. 2009) (stating that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself").

The Court finds that Plaintiff has failed to establish good cause for an independent medical examination pursuant to Rule 35. Moreover, Plaintiff has not demonstrated the ability to pay for the costs of an independent medical examination. *See Patton v. Hollingsworth*, No. 2:14-cv-00519-LDG-PAL, 2015 WL 1877426, at *1 (D. Nev. April 22, 2015) ("Rule 35 does not authorize [pro se prisoner plaintiff] to seek his own free examination to obtain evidence to prosecute his case."). Plaintiff's Motion (Doc. 39) will be denied.

The Court also has reviewed Plaintiff's "Request for an [sic] Motion Enlargement of Time" (Doc. 38). No response has been filed and the time to do so has passed. *See* LRCiv 7.2(i). For good cause shown, the Court will grant Plaintiff's Request (Doc. 38) as set forth herein. The Court will extend the discovery deadline to **June 24, 2019**. The Court will set **May 24, 2019** as the deadline for the parties to move the Court for a discovery conference pursuant to the Court's Scheduling Order (Doc. 13 at 3).

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Request for an [sic] Motion Examination by an Outside Doctor" (Doc. 39).

**IT IS FURTHER ORDERED** granting Plaintiff's "Request for an [sic] Motion Enlargement of Time" (Doc. 38) as set forth herein.

**IT IS FURTHER ORDERED** extending the discovery deadline to **June 24, 2019**. The dispositive motion deadline is extended to **July 24, 2019**.

**IT IS FURTHER ORDERED** setting **May 24, 2019** as the deadline for the parties to move the Court for a discovery conference pursuant to the Court's Scheduling Order (Doc. 13 at 3).

Dated this 24th day of April, 2019.

                                                      _____
                                                      Eileen S. Willett
                                                      United States Magistrate Judge